101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Phyllis M. LLOYD, Plaintiff-Appellant,
v.
Shirley S. CHATER, in her official capacity as Commissioner
of Social Security, Defendant-Appellee.
 No. 95-6235.
 United States Court of Appeals, Second Circuit.
 May 6, 1996.
 
 1
 Lawrence I. Heller, Rochester, NY, for Appellant.
 
 
 2
 Maria P. Fragassi, Ass't Reg. counsel, SSA, NY, NY, for Appellee.
 
 
 3
 Before KEARSE, ALTIMARI, Circuit Judges, and MORAN, District Judge*.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York, and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Larimer's Amended Decision and Order dated August 24, 1995.
 
 
 6
 Plaintiff Phyllis Lloyd appeals from a judgment entered in the United States District Court for the Western District of New York, David G. Larimer, Judge, affirming the decision of the Commissioner of Social Security ("Commissioner")(successor to Secretary of Health and Human Services) denying disability insurance benefits. On appeal, Lloyd contends, inter alia, that the Commissioner erred in finding, without the aid of a vocational expert, that she could perform sedentary work and hence was not disabled. We find all of her contentions unpersuasive.
 
 
 7
 A factual determination by the Commissioner must be given conclusive effect by the courts if it is supported by "substantial evidence" in the record as a whole. See 42 U.S.C. § 405(g); Mathews v. Eldridge, 424 U.S. 319, 339 n. 21 (1976); Richardson v. Perales, 402 U.S. 389, 390 (1971); Rivera v. Harris, 623 F.2d 212, 216 (2d Cir.1980). "Substantial evidence" means " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 8
 In the present case, we conclude that the record contains substantial evidence to support the Commissioner's determination that Lloyd was capable of working in a job that required her to sit, "with normal breaks," for a total of approximately six hours out of an eight-hour workday, see Program Policy Statement, Titles II and XVI: Determining Capability To Do Other Work--The Medical-Vocational Rules of Appdendix 2, SSR 83-10, 1983 WL 31251, at * 5. Dr. Nicholas, Lloyd's treating physician, recommended that Lloyd work if she could find a sedentary job. Dr. Peale, an examining physician, also said Lloyd could do sedentary work. Though Dr. Borgese, who filled out an evaluation form based on his review of the documentary record, checked a box indicating that Lloyd could "[s]it (with normal breaks) for a total of less than about 6 hours in an 8-hour workday," he neither treated Lloyd nor examined her, and the Commissioner was not required to give his evaluation definitive weight. At the hearing, Lloyd testified that she could sit for 1 1/2 hours at a time, could stand for 10-15 minutes, and was willing to try a sedentary job. We conclude that the record as a whole provided substantial evidence that Lloyd could work in a sedentary eight-hour job in which she would not be required to sit for a total of more than six hours. The Commissioner was not required to seek expert vocational testimony because the impairments claimed by Lloyd were nonexertinal. See 20 C.F.R. § 404.1566(e).
 
 
 9
 Nor can we conclude that the Commissioner erred in not finding that Lloyd's pain was so severe as to be disabling. "[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983). The record included substantial evidence to support the conclusion that Lloyd's pain was not disabling.
 
 
 10
 We have considered all of Lloyd's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable James B. Moran, of the United States District Court for the Northern District of Illinois, sitting by designation